UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 22-04196-FWS (DFM) | Date: | July 7, 2022 |
|---|---|---|---|
| Title | Daniel Luna v. Trent Allen | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge | |
|---|---|---|
| Nancy Boehme | | Not Present |
| Deputy Clerk | | Court Reporter |
| Attorney(s) for Plaintiff(s): | | Attorney(s) for Defendant(s): |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order to Show Cause Why the Petition Should Not Be Dismissed as Unexhausted

On June 15, 2022, Petitioner Daniel Luna filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody under 28 U.S.C. § 2241. See Dkt. 1 ("Petition"). However, he alleges being in custody at California's Salinas Valley State Prison pursuant to a judgment of the Ventura County Superior Court. See id. at 2. Accordingly, the Court construes the Petition as brought by a person in state custody under 28 U.S.C. § 2254. See Dominguez v. Kernan, 906 F.3d 1127, 1136 (9th Cir. 2018) ("§ 2254 [is] the exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody." (emphasis removed) (citation omitted)).

Petitioner alleges that his confinement is unlawful because he received ineffective assistance of counsel at his criminal trial. See Petition at 3-4. He alleges having raised these grounds in a state-court appeal. See id. at 2-3. However, state-court records indicate that he did not raise these grounds but rather different ones: that the trial court erred by admitting certain testimony; and that the conviction lacked substantial evidence of one of the elements of the crime. See People v. Luna, No. B301340, 2021 WL 20560 (2d Dist. Jan. 4, 2021). It appears that he has not raised ineffective-assistance-of-counsel grounds before California's appellate courts.

This is a problem. Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless a petitioner has exhausted the remedies available in state court. Exhaustion requires that the petitioner's contentions were fairly presented to the state courts, see Ybarra v. McDaniel, 656 F.3d 984, 991 (9th Cir. 2011), and disposed of on the merits by the highest court of the state, see Greene

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

v. Lambert, 288 F.3d 1081, 1086 (9th Cir. 2002). A claim has not been fairly presented unless the prisoner has described in the state-court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam). As a matter of comity, a federal court will not entertain a habeas petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in it. See Rose v. Lundy, 455 U.S. 509, 518-19 (1982).

A federal court may raise a habeas petitioner's failure to exhaust state remedies sua sponte. See Stone v. City and Cnty. of S.F., 968 F.2d 850, 855-56 (9th Cir. 1992) (as amended). Petitioner has the burden of demonstrating he has exhausted available state remedies. See Williams v. Craven, 460 F.2d 1253, 1254 (9th Cir. 1972) (per curiam). Here, it appears that Petitioner has not presented his current claims either to the California Court of Appeal or to the California Supreme Court, and so the Petition is subject to dismissal. See Coleman v. Thompson, 501 U.S. 722, 731 (1991) (explaining that "a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims").

In Rhines v. Weber, 544 U.S. 269, 277 (2005), the Supreme Court held that, in certain "limited circumstances," a district court may stay a petition and hold it in abeyance while the petitioner returns to state court to exhaust his unexhausted claims. The prerequisites for obtaining a stay under Rhines while the petitioner exhausts his state remedies are: (1) that the petitioner show good cause for his failure to exhaust his claims first in state court; (2) that the unexhausted claims not be "plainly meritless"; and (3) that petitioner not have engaged in "abusive litigation tactics or intentional delay." Id. at 277-78. The Supreme Court has not precisely defined what constitutes "good cause" for a Rhines stay. See Blake v. Baker, 745 F.3d 977, 980-81 (9th Cir. 2014). The Ninth Circuit has found that "good cause" does not require "extraordinary circumstances." Dixon v. Baker, 847 F.3d 714, 720 (9th Cir. 2017). Rather, "good cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify" the failure to exhaust. Blake, 745 F.3d at 982. It is unclear whether Petitioner can meet the Rhines requirements.

**IT THEREFORE IS ORDERED that within twenty-eight (28) days of the date of this Order, Petitioner do one of the following: (1) file additional documents to demonstrate that he has exhausted all claims contained in the Petition; (2) request that the Petition be dismissed without prejudice under Federal Rule of Civil Procedure 41(a)(1), with the understanding that any later petition may be time barred under 28 U.S.C. § 2244(d)(1); or (3) file a formal stay-**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**and-abey motion if he believes he can make the required showings under <u>Rhines</u>.**

**Petitioner is expressly warned that his failure to timely comply with this order may result in the Petition being dismissed for the reasons stated above and for failure to prosecute.**